UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT DeVAN BOOKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL T. WHEELER, *et al.*, )<br>)<br>Defendants. ) | CAUSE NO. 1:06-CV-163 WL |

**OPINION AND ORDER**

Robert DeVan Booker, a *pro se* plaintiff, filed this case while he was incarcerated. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Booker alleges that, while he was a pretrial detainee, three doctors and a nurse from Spine Technology and Rehabilitation denied him medical treatment when they changed his prescription pain medications. Though the Eighth Amendment's prohibition of cruel and unusual punishments applies only to persons convicted of crimes, and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Prior to his incarceration, Mr. Booker was being treated by Spine Technology and Rehabilitation as a private patient for chronic, severe pain in his

back, legs, and buttocks. During one of his visits, he was told by one of the doctors that he would not change his medications when he was incarcerated. Nevertheless, once he was incarcerated, his medications were changed. Mr. Booker complained that these medications were less effective and that he was in pain much of the time, but the doctors would not prescribe the medications he demanded. Nevertheless, they did substitute hydrocodone for oxycodone on January 20, 2006.

"At best, he alleges a disagreement with medical professionals about his needs. This does not state a cognizable Eighth Amendment claim . . .." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Though Mr. Booker wanted stronger pain medication, a prisoner "is not entitled to demand specific care . . . no[r] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Mr. Booker was seen and treated by these health care providers. Medications, especially pain medications, are subject to abuse; medical providers are reasonably concerned about their misuse. The Eighth Amendment does not require medical success, it merely prohibits wanting harm to come to an inmate. Even if it was unreasonable, incompetent, negligent or medical malpractice to have not prescribed him stronger pain medication, these facts do not support a claim of deliberate indifference which is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

Next, Mr. Booker alleges that a pharmacist from Keltsch Pharmacy denied him medical treatment by dispensing fake or placebo medicine rather than the pain killers prescribed. As previously discussed, Mr. Booker's pain medication was changed and reduced when he was in jail. Though he wanted stronger pain killers, his doctors would not prescribe them. Based on the facts presented in this complaint, it is clear that Mr. Booker's increased pain was caused by the reduction in the strength of his pain killers.

Finally, Mr. Booker alleges that a doctor and a technician for Parkview Health Laboratories altered his urine test results to indicate the presence of morphine, but not hydrocodone. This result is consistent with the prescriptions he was taking at the time of his urine test on January 20, 2006. Based on the medical records he has attached to his complaint (complaint at 27, docket # 1), Mr. Booker was prescribed 60 Kadian® which contain morphine[1], on December 1, 2005 and again on December 22, 2005. Though he did fill a prescription for ten hydrocodone on November 30, 2005 (complaint at 28, docket # 1), he was not prescribed hydrocodone again until January 20, 2006, the same day that he took the urine test. Given that he took the test at 12:31 p.m., it is a reasonable inference that he would not yet have received his first dose of the newly prescribed hydrocodone in time for it to metabolize into his urine.

---

[1] The National Institutes of Health, http://www.nlm.nih.gov/medlineplus/, provides information about prescription medications. *Compare Greeno v. Daley*, 414 F.3d 645, 654 n.3 (7th Cir. 2005) (citing as an authoritative source the website of the American Gastroenterological Association).

5

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: July  20  , 2006

                                          S/William C. Lee
                                          William C. Lee, Judge
                                          United States District Court