UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT DeVAN BOOKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-163 WL |
| ) | |
| MICHAEL T. WHEELER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Robert DeVan Booker, a *pro se* plaintiff, filed a motion to reopen this case which the court construes pursuant to Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (2005) (quotation omitted). The reasons for such relief are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), mis-representation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). None of these reasons support relief from the judgment in this case.

Additionally, Mr. Booker filed an *in forma pauperis* petition, but Mr. Booker has already been granted leave to proceed *in forma pauperis* in this case, therefore the motion will be denied as moot.

Mr. Booker seeks to reopen this case for two reasons. First he asks the court to review a breach of contract claim with a non-party which was not included in his original complaint. Effectively this is a request to amend his complaint to add a pendant state claim. Here, the case was dismissed because it did not state a claim for which relief could be granted and "a party cannot request leave to amend following a final judgment unless that judgment has been vacated." *Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000). Even if Mr. Booker's state law breach of contract claim were viable, such a claim is not actionable in federal court. Since the judgment has not been vacated, adding this claim is not a basis for reopening this case.

Second, Mr. Booker asks this court to examine documents which will demonstrate that he never received Oxycodone while he was in the jail, but that he did receive Hydrocodone. This court's screening order did not state that he received Oxycodone, so medical records that prove that he did not receive it could not be a basis for reopening this case. He attaches a prescription for Hydrocodone dated January 20, 2006, but the screening order acknowledged that Mr. Booker received Hydrocodone beginning on that date. Despite the physician notes, Mr. Booker's jail medication list dated December 22, 2005 shows that Vicodin #90 was substituted for Oxycodone, rather than Hydrocodone 5mg. The medication list

also shows that the Vicodin was not scheduled for regular dispensing so he may have never received any, unlike the Kadian and Lyrica which were to be dispensed twice a day.

None of this supports Mr. Booker's theory that his medication must have been wrongfully dispensed because he did not test positive for Hydrocodone on January 20, 2006 when he took a urine test. The documentation presented by Mr. Booker does not contradict the conclusion in the screening order that he was not prescribed Hydrocodone prior to the drug test. Since he was not routinely taking Hydrocodone (nor was he prescribed to be), it is not surprising that he did not test positive for it. Finally, it is worth at least noting that other attached records show that he was able to walk without any outward signs of pain when he was found hoarding pain medication which he had not taken as prescribed. Obviously, without regard to what was prescribed or dispensed, unless Mr. Booker actually took a medication, it would not appear in his urine.

For the foregoing reasons, the motions to reopen (docket # 18) is DENIED and the *in forma pauperis* petition (docket # 19) is DENIED AS MOOT.

SO ORDERED.

ENTERED: August 21 , 2006

                                          s/William C. Lee
                                          William C. Lee, Judge
                                          United States District Court